IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOHNNY L. JENKINS**                                                                **PLAINTIFF**

      v.                    Civil No. 07-5073

**RADISSON HOTEL**                                                                 **DEFENDANT**

O R D E R

    Now on this 26th day of February, 2008, come on for consideration **Defendant's Motion For Summary Judgment** (document #19) and **Plaintiff [sic] Motion For Summary Judgment** (document #23), and from said motions, and the supporting documentation, the Court finds and orders as follows:

    1.  *Pro se* plaintiff Johnny L. Jenkins ("Jenkins") alleges that the defendant, Radisson Hotel (the "Radisson") discriminated against him in his employment on the basis of his age and race by denying him a raise, cutting his hours back, and then terminating him after he asked to speak to the General Manager about the matter.  By an amendment, Jenkins added claims of wrongful termination, racial profiling, slander, and conspiracy.

    The Radisson denied the allegations of both the Complaint and the Amended Complaint, and now moves for summary judgment. Jenkins has responded with his own such motion, which the Court will treat as a response to that of the Radisson.

    2.  Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows

that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994).** Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp., 45 F.3d 262 (8th Cir. 1995).** The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op, 838 F.2d 268 (8th Cir. 1988).**

3. The Radisson offered the deposition testimony of Jenkins, who testified that he is a black man, age 57 as of the deposition on November 7, 2007. He was hired as a dishwasher at the Radisson in late August, 2005. Jenkins sought full-time work on the night shift, because he already had a day job at the Village Inn, and he planned to work both jobs.

Scheduling problems ensued, with Jenkins being scheduled to work some hours at the Radisson which overlapped his hours at the Village Inn. In addition, he did not get a pay raise that Chef David Wilson had said he would get after a 60-day initial work period. In frustration, late in December Jenkins left Wilson a note that said "Chef: Do not schedule me for any more Saturdays or

Sundays.  I need to talk with Dave, the G[eneral] M[anager].  I will tell him why I had to cut back to part-time.  I was told something that is not true.  I cannot work full-time when I am lied to."

Jenkins testified that the next morning Chef Wilson called his cell phone and left a message firing him.

The Radisson also produced the Affidavit of Dave Wilson, averring that Jenkins was late to work three times in October, nine times in November, and seven times in December before his termination.  On many of these occasions, Jenkins was an hour or more late.  Wilson began to scale back Jenkins' hours, giving them to a Hispanic female, but when Jenkins refused to work weekends - the hotel's busiest time - Wilson decided to terminate him.  He replaced Jenkins with a Hispanic male.

The Radisson also showed that Jenkins had received a copy of its Associate Manual, which provides that employment by the Radisson is employment "at will" and can be terminated at any time for any reason by either the employer or the employee.  The Associate Manual also states that "unexcused absence or tardiness" is "inappropriate associate conduct" which may result in "disciplinary action or termination," and that while "progressive discipline" may be used, the Radisson "reserves the right to take any disciplinary action deemed appropriate," including termination.

4.   Jenkins supported his case only with two unsworn statements.  One, from Sherman Horne, was to the effect that Jenkins "has always been punctual and regular on the job in his attendance."  The other, from Lester Bunch, was to the effect that Jenkins "was a very good employee and always on time."  There is no indication as to the work schedule of these individuals, and therefore no way of knowing if they were at work on the dates and times when the time records of the Radisson showed that Jenkins was late.  In addition, unsworn statements are not the sort of evidence that will support a party's opposition to a motion for summary judgment.  **F.R.C.P. 55(c)** provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

5.   The Court has considered the submissions of the parties in the light most favorable to Jenkins, and given him the benefit of every favorable inference, but it finds nothing from which reasonable jurors could conclude that Jenkins was subjected to discrimination on the basis of his age or his race.  Jenkins apparently relies on the fact - standing alone - that he was over 40 on the date of his termination to carry his age discrimination claim, and the fact - standing alone - that he is black to carry his race discrimination claim.  That is not enough.

To establish a *prima facie* case of age discrimination, Jenkins must prove that he is over 40; that he was qualified for his job; that he suffered an adverse employment action; and that there is "some additional evidence that age was a factor" in his employer's action. **Ward v. International Paper Co.**, **509 F.3d 457, 460 (8th Cir. 2007).** Jenkins offers no "additional evidence that age was a factor" in his not receiving a pay raise, having his hours cut, or being terminated.

To establish a *prima facie* case of race discrimination, Jenkins must prove that he is a member of a protected class; that he met his employer's legitimate job expectations; that he suffered an adverse employment action; and that "similarly situated employees who were not members of the protected class were treated differently." **Higgins v. Gonzales**, **481 F.3d 578, 584 (8th Cir. 2007).** Jenkins offers no evidence regarding the treatment of "similarly situated employees in connection with any of the alleged adverse employment actions.

In addition, as to both the age discrimination and race discrimination claims, even if Jenkins had made out a *prima facie* case, the Radisson has clearly met its burden under **McDonnell Douglas Corp. v. Green**, **411 U.S. 792 (1973)** of coming forward with a legitimate non-discriminatory reason for its actions, i.e., Jenkins' tardiness and refusal to work on weekends. Jenkins would have to meet this evidence with evidence of his own which would

show that these reasons were pretextual. He has offered no such evidence.

6. Jenkins' proof on his other claims is equally lacking. Under Arkansas law, "an employer or an employee may terminate an employment relationship at will. . . . for good cause, no cause, or even a morally wrong cause." **St. Edward Mercy Medical Center v. Ellison**, **58 Ark. App. 100, 105, 946 S.W.2d 726, 728 (1997).** While there are narrow exceptions to this doctrine, Jenkins has not offered evidence that would fit his case into any of them. He merely alleges that "there is no paperwork to justified [sic] this termination." That is not enough.

Racial profiling would require some evidence that the termination decision involved race, which, as the Court has already noted, is lacking. The allegation is that the Radisson "use[d] part of my personal voice mail to fired [sic] me." This clearly will not suffice.

Slander would require evidence that the Radisson or its agents be shown to have published a false statement of fact about Jenkins. **AMI 407.** In his Amended Complaint, Jenkins alleges that "Chef Dave Wilson accuse me of sexual harrasment [sic]." This is nothing more than an allegation, unsupported by evidence.

Civil conspiracy under Arkansas law is "a combination of two or more persons to accomplish a purpose that is unlawful, or oppressive, or to accomplish some purpose, not in itself unlawful,

oppressive, or immoral, but by unlawful, oppressive, or immoral means." **Heinemann v. Hallum, 365 Ark. 600, 609, 232 S.W.3d 420, 426 (2006).** Jenkins' allegation in this regard is that "Chef Dave Wilson try [sic] to get Mrs. Sherry Jordan to write a bogus sexual harrassment [sic] statement against me." The only evidence in this regard comes from the Radisson, i.e., Wilson's Affidavit, in which he avers that Jordan complained to him that Jenkins "had made some lewd comments to her," and that he had advised Jordan "to make a written complaint, as that is the Radisson's procedure." This will not support a civil conspiracy claim.

Because Jenkins has failed to come forward with evidence sufficient to establish his case as to any of the claims he has asserted, the Court finds that summary judgment is appropriate as to all claims.

**IT IS THEREFORE ORDERED** that **Defendant's Motion For Summary Judgment** (document #19) is **granted,** and this matter is **dismissed with prejudice.**

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　/s/ Jimm Larry Hendren
　　　　　　　　　　　　　　　　　**JIMM LARRY HENDREN**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**